## PETER O'CONNER
### v.
## JAMES PARROTT.

*Trespass—Distress—Eviction—Punitive Damages—Whether Excessive —Question for Jury.*

1. In an action of trespass, if the circumstances warrant the allowance of punitive damages, the question of damages, within reasonable limits, is for the jury.

2. In the case presented it is held, that a verdict for $6,500 is not so excessive as to show passion or prejudice on the part of the jury.

[Opinion filed April 26, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge presiding.

Mr. ROBERT HERVEY, for appellant.

Messrs. MERRIAM & WHIPPLE, for appellee.

*Per Curiam.* This was an action of trespass by appellee against appellant for breaking and entering the premises of appellee and carrying away certain goods and chattels of the alleged value of $1,000. Under the pretense of serving a distress, the door of appellee's house, which was locked, was

opened during the absence from home of appellee and his family; all the goods of appellee of every kind and all the furniture in the house was removed and placed in a warehouse. The distress warrant was for about $50 and the evidence tends to show that the levy was excessive. It also appears that the real purpose of the distress was to evict appellee from the premises.

There is no suggestion in appellant's brief that any error of law, whatever, was committed by the court below. The sole ground urged for reversal is that the damages are excessive. There is nothing in the amount allowed which would suggest that the verdict is so excessive as to show passion or prejudice on the part of the jury. The evidence shows property of a considerable value was taken which appellee never recovered. The circumstances warranted the jury in allowing punitive damages, and in such cases within reasonable limits the question of damages is one entirely for the jury, under the evidence. There is no ground for reversal and the judgment must be affirmed.

*Judgment affirmed.*